RECEIVED
NOV 2 5 2025
BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

LEDRA CRAIG,
  Petitioner,

v.

UNITED STATES OF AMERICA,
  Respondent.

Case No. 4:25-CV-01530-HEA

MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255

I, Ledra Craig, respectfully submit this Memorandum of Law in support of my previously filed Motion under 28 U.S.C. § 2255. In this memorandum, I provide the full legal arguments and controlling precedent supporting the twelve grounds I already raised in my initial §2255 filing. This memorandum does not add new grounds. Each argument relates back to the claims already pled.

I respectfully ask this Court to review the constitutional violations and prejudicial errors that occurred throughout my case. These errors deprived me of my Sixth Amendment right to the effective assistance of counsel, my Fifth Amendment due process rights, and my statutory rights under federal law.

I. INTRODUCTION

This memorandum expands upon the grounds I raised in my initial §2255 motion. Throughout the pretrial, trial, sentencing, and appellate stages, both my trial and appellate counsel failed to perform the constitutionally required duties owed to me under the Sixth Amendment. These failures individually and cumulatively affected the fairness, integrity, and reliability of the proceedings and resulted in a conviction and sentence that cannot stand under the Constitution and laws of the United States.

I present these arguments in the first person because I am a pro se litigant and because these constitutional violations happened directly to me. I respectfully request an evidentiary hearing under Engelen v. United States, 68 F.3d 238 (8th Cir. 1995), because each ground involves disputed facts outside the existing record.

## II. PROCEDURAL HISTORY

I was indicted and proceeded through pretrial proceedings where my counsel failed to file motions, conduct investigations, communicate with me adequately, or advise me about plea consequences. My case went to trial, where counsel failed to investigate key witnesses, failed to object to unconstitutional evidence, failed to suppress illegally obtained evidence, failed to challenge expert testimony, and failed to raise numerous constitutional violations.

After conviction, sentencing counsel failed to object to the Presentence Report, failed to argue mitigation, and failed to challenge the reasonableness of my sentence. On appeal, appellate counsel failed to raise strong, obvious, and meritorious issues including those I specifically asked counsel to raise.

I filed my initial §2255 motion raising twelve grounds. This memorandum now provides the full legal authority supporting each ground.

## III. GOVERNING LEGAL STANDARDS

My claims are governed by Strickland v. Washington, 466 U.S. 668 (1984), which sets forth a two-part standard:

1. Deficient Performance:
Counsel's actions or omissions fell below an objective standard of reasonableness.

2. Prejudice:
There is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different.

For plea related claims, Lafler v. Cooper, 566 U.S. 156 (2012), and Missouri v. Frye, 566 U.S. 134 (2012), govern.

For appellate counsel claims, Smith v. Robbins, 528 U.S. 259 (2000), governs.

Evidentiary claims involving Confrontation Clause violations are governed by Crawford v. Washington, 541 U.S. 36 (2004).

Speedy Trial Act claims are governed by 18 U.S.C. §3161 et seq. and United States v. Aldaco, 477 F.3d 1008 (8th Cir. 2007).

Prosecutorial misconduct claims involving false testimony are governed by Napue v. Illinois, 360 U.S. 264 (1959).

Each ground below applies these standards.

IV. GROUNDS FOR RELIEF

GROUND ONE — INEFFECTIVE ASSISTANCE OF PRETRIAL COUNSEL

(Failure to communicate, advise, investigate, file motions, or pursue plea discussions)

I received ineffective assistance of counsel before trial. My attorney failed to communicate with me, failed to explain the evidence against me, and failed to advise me about the consequences of rejecting a plea and proceeding to trial. Counsel also failed to file necessary pretrial motions, to challenge evidence, and to seek a plea offer or negotiate on my behalf.

Under Strickland, counsel must communicate and investigate. Under Frye and Lafler, I had the right to effective assistance during the plea stage. Had counsel properly advised and communicated with me, I would not have gone to trial under the circumstances. This establishes prejudice.

GROUND TWO — INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

(Failure to investigate "Glenn," subpoena witnesses, challenge Confrontation Clause violations, or develop a defense)

At trial, counsel failed to investigate a critical individual named "Glenn," failed to subpoena defense witnesses who could have contradicted the Government's theory, and failed to challenge the admission of text messages in violation of the Confrontation Clause.

Evidence attributed to Glenn was admitted without proof of authorship, identity, or reliability. Counsel also failed to develop a coherent defense strategy or explain it to me. These failures violated Strickland and Crawford. Without these errors, the outcome would have been different.

GROUND THREE — INEFFECTIVE ASSISTANCE OF SENTENCING COUNSEL

(Failure to object to the PSR, failure to argue mitigation, and failure to challenge sentence reasonableness)

My sentencing attorney failed to file objections to the Presentence Investigation Report, despite multiple inaccurate or unsupported enhancements and findings. Counsel also failed to present any mitigation under 18 U.S.C. §3553(a) and failed to argue that my sentence was substantively unreasonable.

Under Glover v. United States, 531 U.S. 198 (2001), even small guideline errors constitute prejudice. Without counsel's failures, I would have received a lower sentence.

GROUND FOUR — INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

(Failure to challenge Rule 33 denial and raise constitutional violations)

My appellate counsel failed to raise strong, preserved issues, including the district court's denial of my Rule 33 motion for a new trial, multiple constitutional violations, and improperly admitted evidence. Under Smith v. Robbins, I am entitled to relief because appellate counsel omitted the strongest issues.

GROUND FIVE — INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

(Failure to challenge unreliable medical cause of death evidence)

The Government relied on unreliable, incomplete, and scientifically unsupported medical conclusions. Appellate counsel failed to challenge:
the medical examiner's methodology, toxicology gaps, insufficient causation evidence under Jackson v. Virginia.

Relevant Supreme Court Law – Burrage v. United States

In Burrage v. United States, 571 U.S. 204 (2014), the Supreme Court held that a conviction for drug distribution "resulting in death" requires proof that the drug was the but-for cause of the victim's death. The Court rejected the Government's position that the drug only needed to "contribute" or "play a role" in the death. Instead, the Supreme Court made clear that if the victim would have died even without the drug, the statute is not satisfied. The Court further held that ambiguous, inconclusive, or speculative medical testimony cannot meet the but-for standard. The jury must be instructed that the Government must prove beyond a reasonable doubt that the drug alone caused the death.

---

Application of Burrage to My Case

Just as in Burrage, the medical evidence in my case failed to establish that the substance allegedly connected to me was the actual but-for cause of death. The medical examiner's testimony was incomplete, internally inconsistent, and based on limited toxicological information. Other potential causes of death were not excluded, and the Government failed to present scientifically reliable evidence demonstrating that, absent the alleged drug, the victim would have lived.

Because the evidence in my case did not establish actual but-for causation, the conviction is inconsistent with Burrage. My appellate counsel was constitutionally ineffective for failing to challenge the sufficiency of medical causation evidence under Burrage. A proper application of Burrage would have required reversal on appeal because the Government did not meet the strict causation standard mandated by the Supreme Court.

The Eighth Circuit has reversed convictions for insufficient medical evidence. Counsel's failure to raise this issue prejudiced my appeal.

GROUND SIX — INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL (SPEEDY TRIAL ACT VIOLATIONS)

Counsel failed to calculate Speedy Trial Act days, failed to file a motion to dismiss, and failed to assert my Sixth Amendment speedy trial rights. Appellate counsel failed to raise these issues. Under 18 U.S.C. §3162(a)(2), dismissal would have been mandatory if the violations had been raised.

# GROUND SEVEN — INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL

Appellate counsel rendered constitutionally ineffective assistance when she failed to raise the strongest and most obvious issue on direct appeal: the complete insufficiency of the Government's evidence that I distributed fentanyl resulting in serious bodily injury to the alleged victim, Nick Bruno. Prior to the filing of the opening brief, appellate counsel informed me that she would challenge the sufficiency of the evidence supporting this charge. Despite making this assurance, counsel failed to raise the issue, depriving me of a meaningful appeal.

At trial, the Government relied on the theory that I distributed fentanyl to Mr. Bruno and that such fentanyl caused him "serious bodily injury." However, Mr. Bruno himself testified under oath that he had never consumed any opioid, including heroin or fentanyl, in his life. He further testified that he did not consume any illegal substances whatsoever on the day of the alleged overdose. This testimony directly contradicted the Government's theory of the case and eliminated an essential element of the offense.

Despite this sworn testimony from the Government's own alleged victim, the prosecution presented no medical evidence, toxicology results, or expert testimony establishing ingestion of fentanyl, much less serious bodily injury caused by fentanyl allegedly distributed by me. No doctor testified. No toxicologist testified. There was no scientific confirmation that Mr. Bruno ever ingested fentanyl, nor that fentanyl played any role in any medical event involving him. The Government's evidence failed as a matter of law on every element of the offense.

Under Burrage v. United States, 571 U.S. 204 (2014), the Supreme Court made clear that a defendant cannot be convicted of distribution of a controlled substance resulting in serious bodily injury unless the Government proves that the drug was the but-for cause of the injury. In other words, the Government must prove that without the drug the victim would not have suffered the injury. No such proof was presented in my case. Because Mr. Bruno denied ingesting fentanyl and no medical evidence tied fentanyl to any bodily injury, the Government wholly failed to prove but-for causation. As a result, my conviction cannot stand under Burrage.

Additionally, due process requires that a conviction rest on evidence such that a rational juror could find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979). No rational juror could find me guilty of distributing fentanyl resulting in serious bodily injury when the alleged victim denied ingestion, no medical evidence supported

ingestion, and no scientific evidence established any injury caused by fentanyl. The evidence was legally insufficient.

Appellate counsel's failure to raise this claim was objectively unreasonable and prejudicial. The insufficiency of the evidence was apparent on the face of the record and directly implicated controlling Supreme Court precedent. Had this issue been raised, there is a reasonable probability that the Eighth Circuit would have reversed my conviction or vacated the judgment, especially given the strength of Burrage and the complete absence of proof on essential elements of the offense.

Counsel's failure to raise this dispositive, outcome-determinative issue deprived me of the effective assistance of counsel guaranteed by the Sixth Amendment. Because the result of the appeal would likely have been different had counsel performed effectively, relief is warranted.


GROUND EIGHT — INEFFECTIVE ASSISTANCE FOR FAILURE TO OBJECT TO RULE 404(b)
(Failure to Investigate, Subpoena, Confront, and Challenge Causation and Insufficiency of the Evidence Related to Alleged Bodily Injury of Mr. Tappin)

A. Supporting Facts

After my arrest, I repeatedly asked every attorney who represented me—pretrial counsel, trial counsel, and appellate counsel—to subpoena the alleged overdose victim, Mr. Tappin, obtain his sworn statements, or interview him. Counsel ignored every one of my requests.

I was charged with distribution of fentanyl "resulting in serious bodily injury" to Mr. Tappin. However:

Counsel failed to investigate Mr. Tappin.

Counsel failed to attempt to locate him.

Counsel failed to obtain statements that would have shown that I never distributed fentanyl to him.

Mr. Tappin died two years after my arrest, from a cause that had absolutely nothing to do with any alleged overdose.

Because counsel failed to subpoena him pretrial, I never had any opportunity to cross-examine him or face my accuser.

The Government presented no competent medical testimony showing that fentanyl allegedly connected to me caused any serious bodily injury.

Trial counsel admitted to me that the evidence was insufficient to prove the elements of "distribution resulting in serious bodily injury," yet counsel failed to raise this in a Rule 29 motion or on appeal.

I specifically asked appellate counsel to raise the Confrontation Clause violation, the due process violation, and the insufficiency of the evidence regarding the alleged bodily injury to Mr. Tappin. Appellate counsel refused and failed to file a merits brief raising these arguments.

These failures denied me effective assistance of counsel at both trial and on direct appeal.

B. Governing Legal Principles

1. Burrage v. United States — But for Causation Is Required

In Burrage v. United States, 571 U.S. 204 (2014), the Supreme Court held:

> A defendant cannot be convicted of a drug distribution offense "resulting in death or serious bodily injury" unless the drug distributed was the but-for cause of the injury or death.

The Court rejected lower standards of proof such as "contributing factor" or "played a role." Ambiguous medical testimony cannot meet this standard. The Government must prove that without the drug, the victim would not have suffered the injury.

Application of Burrage to My Case

No doctor or medical examiner testified that fentanyl allegedly connected to me was the but-for cause of any injury to Mr. Tappin.

No toxicology tied me to any overdose.

No expert ruled out other causes.

Mr. Tappin died two years later from a cause not related to any alleged overdose.

The Government never proved beyond a reasonable doubt that fentanyl allegedly linked to me caused the bodily injury element.

Because the Government failed entirely to establish but-for causation, my conviction cannot stand under Burrage.
Counsel was constitutionally ineffective for failing to raise Burrage at trial or on appeal.

2. Crawford v. Washington — Right to Confront My Accuser

Crawford v. Washington, 541 U.S. 36 (2004), holds that testimonial statements of a witness who does not appear at trial are inadmissible unless the defendant had a prior opportunity for cross-examination.

The Government may not use statements or evidence related to a witness unless that witness:

1. Testifies in court, or
2. Was previously cross-examined by the defendant.
Application of Crawford to My Case

Mr. Tappin was alive after my arrest and available to testify.

I begged counsel to subpoena him; they refused.
I had no prior opportunity to cross-examine him.
The Government still used evidence relating to him to prove serious bodily injury.

This is a textbook Crawford violation.
Counsel performed deficiently by failing to object.
Appellate counsel performed deficiently by failing to raise Crawford.

3. Insufficient Evidence — Jackson v. Virginia

Under Jackson v. Virginia, 443 U.S. 307 (1979), a conviction violates due process where no rational juror could find the essential elements of the offense proven beyond a reasonable doubt.

Application to My Case

No rational juror could find "serious bodily injury" beyond a reasonable doubt because:

There was no medical witness tying fentanyl to any injury.
The alleged victim never testified.
No scientific proof connected me to any overdose.
The Government presented zero evidence of causation.

Counsel's failure to raise insufficiency at trial and on appeal violated Strickland and Jackson.

4. Failure to Investigate — Wiggins, Rompilla, Strickland

Counsel must conduct a reasonable investigation when the defense turns on a witness or exculpatory evidence. (Rompilla v. Beard, 545 U.S. 374 (2005); Wiggins v. Smith, 539 U.S. 510 (2003)).

Application to My Case

*Mr. Tappin was the key witness in the case.
*I told counsel repeatedly to find him.
*Counsel ignored me and made no effort to contact him.
*Counsel prevented the truth from being presented to the jury.
*This failure to investigate was unreasonable and prejudicial.

5. Failure to Raise Issues on Appeal — Smith v. Robbins

Appellate counsel is ineffective when failing to raise strong, obvious, outcome-determinative issues.

Application to My Case

*Appellate counsel refused to raise:
*Burrage causation
*Confrontation Clause
*Due process
*Insufficient evidence
*Failure to investigate

These omissions prejudiced my appeal.

C. Conclusion for Ground Eight

My attorneys failed at every stage pretrial, trial, and appeal to:
*investigate the alleged victim,
*subpoena him,
*allow me to confront him,
*challenge deficient medical evidence,
*challenge causation under Burrage,
*argue insufficiency under Jackson, and
*raise these issues on appeal.

These combined failures violated my rights under the Fifth Amendment, Sixth Amendment, and Fourteenth Amendment, and the outcome of my trial would have been different had counsel performed effectively.


GROUND NINE — INEFFECTIVE ASSISTANCE FOR FAILURE TO IMPEACH GOVERNMENT WITNESSES

I was denied effective assistance of counsel at both the trial and appellate stages when my attorneys failed to subpoena, investigate, confront, or present testimony from Brian Walker, the Government's central transactional witness in the alleged controlled buy. Walker was the individual the Government claimed sent the text messages, arranged the buy, delivered information to the task force, and acted as the intermediary in the transaction that formed the basis for my conviction. Despite this central role, Walker never appeared at trial, and my attorneys failed to secure his testimony even after I repeatedly asked them to do so.

Because Walker did not testify, all testimony about what he allegedly said, did, texted, or arranged was introduced through task force officers, who were permitted to read text messages aloud and describe Walker's supposed actions. This testimony was pure hearsay and was admitted in violation of my Sixth Amendment right "to be confronted with the witnesses against" me.

Under Crawford v. Washington, 541 U.S. 36 (2004), testimonial statements of a witness who does not appear at trial are inadmissible unless the defendant had a prior opportunity for cross-examination. I had no such opportunity. The officers' testimony regarding Walker's texts and alleged actions was "testimonial" under Crawford and categorically inadmissible. The Supreme Court has reaffirmed in Davis v. Washington, 547 U.S. 813

(2006), and Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), that the Confrontation Clause prohibits the Government from introducing testimonial statements through surrogate witnesses. Yet that is exactly what happened here.

The Eighth Circuit has repeatedly condemned this very practice. In United States v. Brooks, 715 F.3d 1069 (8th Cir. 2013), the court held that admitting statements from a non-testifying informant through an officer violates the Confrontation Clause. Similarly, in United States v. Graham, 711 F.3d 445 (8th Cir. 2013), the Eighth Circuit reversed where law enforcement "relayed hearsay statements of a confidential informant" without producing the informant for cross-examination. My case presents an even stronger violation than Brooks or Graham, because Walker's supposed texts and actions were used as primary evidence of the alleged offense, and Walker was never produced despite being known, available, and material.

Furthermore, I specifically told trial counsel that Walker had threatened or coerced me into participating in the alleged transaction and that Walker, not I, had handed fentanyl to the undercover officer. I also informed counsel that Walker was working at the direction of the task force and had entrapment-related information. This evidence directly supported an entrapment defense. The Supreme Court has held that entrapment exists where the Government induces an offense and the defendant was not predisposed to commit it. Sherman v. United States, 356 U.S. 369 (1958). The Eighth Circuit likewise recognizes entrapment where the Government's agent "coerced or manipulated" the defendant into participating in a crime he otherwise would not commit. United States v. Barraza, 576 F.3d 798 (8th Cir. 2009).

Because Walker was the only person who could testify about the Government's inducement, coercion, and the actual events of the alleged transaction, counsel's failure to subpoena him was objectively unreasonable. Trial counsel compounded this error by failing to request an entrapment jury instruction, despite knowing that I was asserting entrapment and despite evidence supporting such an instruction. This deprived the jury of the opportunity to consider a valid defense.

After I was convicted, trial counsel told me she would raise the Confrontation Clause violations on direct appeal. Appellate counsel failed to do so. The failure to raise such a clear and obvious structural error was constitutionally deficient. In Smith v. Robbins, 528 U.S. 259 (2000), the Supreme Court held that appellate counsel is ineffective where counsel omits strong, obvious issues that could have resulted in reversal. The Crawford violations in my case were stronger than the issues actually raised on appeal, and raising them would have created at least a reasonable probability of reversal. Trial and appellate counsel's conduct was deficient under Strickland v. Washington, 466 U.S. 668 (1984).

Prejudice is also present. The jury heard inadmissible testimonial hearsay presented as fact. They never heard Walker's testimony, never saw him cross-examined, and never received an entrapment instruction. These errors undermined the fairness of the entire proceeding. If Walker had been subpoenaed and confronted, if the hearsay had been excluded under Crawford, and if the jury had been properly instructed on entrapment, there is a reasonable probability that the outcome of my trial and the result of my direct appeal would have been different.

For these reasons, my Sixth Amendment rights were violated at trial and on appeal, and Ground Nine justifies vacating my conviction.

## GROUND TEN — INEFFECTIVE ASSISTANCE REGARDING PROSECUTORIAL MISCONDUCT AND FALSE TESTIMONY

I was represented by pro bono counsel during the pretrial phase, including at my motion to suppress. Counsel filed a motion to suppress, and the hearing was held before Magistrate Judge Patricia L. Cohen. Before the hearing, I told my attorneys that I wanted to testify so that the Magistrate Judge could hear the full truth of what happened when the task force officers removed me from the Wentzville County Jail.

Late at night, close to midnight, task force officers took me from the jail and placed me in the front seat of a Chevrolet Impala with tinted windows — a personal vehicle belonging to one of the officers. They drove me around while another officer sat behind me. I repeatedly asked to call or speak to an attorney. Instead of honoring my request, the officer in the back seat reached forward and began choking me, causing me to nearly lose consciousness. The officer then threatened me, stating that if I didn't admit to selling fentanyl to "Ryan Paris," I would be "shot in the back of the head and dumped in an alley."

Out of fear for my life, I made a false confession during interrogation.

I urgently wanted to testify to these events at the suppression hearing. My testimony was essential because it demonstrated that my statements were coerced, involuntary, and the product of threats and physical violence. However, my attorneys never prepared me for testimony. During the suppression hearing, the Magistrate Judge even told my counsel that she could call me to testify as a witness on my own behalf. Despite this, defense counsel told the Judge she was "not prepared" to let me testify. Counsel's failure to prepare me and present my testimony deprived the Magistrate Judge of the ability to hear the full circumstances that led to my involuntary confession.

My suppression motion was denied. Objections were timely filed to preserve my rights for direct appeal. My appellate lawyer promised to challenge the denial of the suppression motion on appeal. She failed to do so. As a result, the coerced confession—which formed a major part of the Government's case—was never properly challenged on direct appeal.

These failures violated my constitutional rights. Under Jackson v. Denno, 378 U.S. 368 (1964), a defendant is entitled to a full and fair hearing on the voluntariness of his confession. Under Mincey v. Arizona, 437 U.S. 385 (1978), a coerced confession obtained through threats, physical violence, or deprivation of counsel is inadmissible under the Due Process Clause. Counsel's refusal to present my testimony prevented the court from hearing the key facts necessary to rule properly.

Under Strickland v. Washington, counsel has a duty to investigate, prepare, and present critical testimony. Where, as here, counsel refuses to let the defendant testify about coercion during a suppression hearing, courts have found deficient performance. See United States v. Villalpando, 588 F.3d 1124 (8th Cir. 2009) (failure to raise voluntariness of confession constitutes ineffective assistance).

Prejudice is clear. Had counsel prepared me and allowed me to testify, the Magistrate Judge would have learned that officers violently coerced a false confession. There is a reasonable probability that the suppression ruling would have been different. Likewise, had appellate counsel raised the issue, there is a reasonable probability the denial of suppression would have been reversed.

Because both pretrial and appellate counsel failed to protect my constitutional rights, Ground Ten warrants relief and requires vacatur of my conviction.

These failures deprived me of due process.

GROUND ELEVEN — INEFFECTIVE ASSISTANCE REGARDING FOURTH AMENDMENT VIOLATIONS
(Failure to challenge unlawful search, seizure, warrant defects, and chain of custody)
Ineffective Assistance of Trial Counsel for Failing to Challenge Biased Juror and For Allowing a Federal Probation Officer With Prior Professional Ties to the Prosecutor to Serve on the Jury

During voir dire, the United States Attorney informed the court that Juror Number Ten, Robin Wheeler, previously worked as a Federal Probation Officer for 27 years in the

Southern District of Illinois—the same district in which the prosecutor had worked as a United States Attorney. The prosecutor stated that Ms. Wheeler may have written presentence reports for him when they worked in the same district. This revealed a professional relationship and potential conflict of interest.

I immediately told trial counsel that I was uncomfortable with Ms. Wheeler serving on my jury. Her familiarity with the prosecutor and her long history of employment with the federal government created an unacceptable risk of bias. I repeatedly asked my attorney to strike Ms. Wheeler from the panel. Counsel refused. Counsel did not strike her for cause. Counsel did not use a peremptory strike. Counsel did not question Ms. Wheeler about her relationship with the prosecutor, her prior presentence reports, or her ability to remain impartial. Counsel simply allowed a juror with a 27-year history of working closely with federal prosecutors to sit in judgment of me.

This failure violated my right to a fair and impartial jury under the Sixth Amendment. The Supreme Court has long held that a defendant has the right to a jury "capable and willing to decide the case solely on the evidence." Smith v. Phillips, 455 U.S. 209 (1982). Bias is presumed where a juror has a direct relationship, job connection, or substantial professional interactions with a party or counsel. See Remmer v. United States, 347 U.S. 227 (1954). The Eighth Circuit has held that a juror with a close relationship to law enforcement raises a presumption of implied bias. United States v. Mitchell, 690 F.3d 1011 (8th Cir. 2012).

No reasonable attorney would allow a 27-year career federal probation officer—who may have written reports for the same prosecutor—to sit on the jury without conducting rigorous questioning. Counsel's failure to strike or challenge the juror fell below the standard of objective reasonableness under Strickland.

Prejudice is undeniable. Ms. Wheeler sat as a juror and returned a guilty verdict. Because she had decades of experience working alongside federal prosecutors, her presence undermined the fundamental fairness of my trial. As the Supreme Court held in Peters v. Kiff, 407 U.S. 493 (1972), even the appearance of injustice and partiality in jury selection requires reversal.

Because counsel permitted a biased juror to sit in judgment of me, Ground Eleven presents a structural defect in the trial process. My trial was not fair, and my conviction must be vacated.

# GROUND TWELVE — INEFFECTIVE ASSISTANCE FOR JURY-RELATED FAILURES

Ineffective Assistance of Trial Counsel for Preventing Defendant From Testifying and Failing to Prepare Defendant to Testify Regarding Police Misconduct and a Coerced Confession

My trial counsel rendered constitutionally ineffective assistance by preventing me from exercising my fundamental right to testify in my own defense. Before trial, counsel repeatedly told me that I could not testify because she had "not prepared" me to take the stand and did not believe I was ready. Counsel's statements caused me to believe that I was not allowed to testify, even though I told counsel I wanted the jury to hear my side of the story, including the police misconduct, physical assault, threats, and coercion that led to my false confession.

When trial counsel rested the case, she did so without informing the jury of the violent coercion used by officers, and without allowing me to testify about the events that occurred when officers removed me from the jail, choked me, and threatened to shoot me if I did not "admit" to selling fentanyl. This testimony would have directly explained to the jury how the confession used against me was not voluntary.

The evidence against me at trial was not overwhelming; the coerced confession was the primary evidence used to secure my conviction. Without hearing my testimony describing the threats, fear, and physical force used by officers, the jury was left with a one-sided portrayal of the events. Any competent trial lawyer would have investigated, prepared, and presented their client's testimony where the case hinges on credibility and the truth of a confession.

The Supreme Court has made clear that the right to testify is fundamental and personal to the defendant. In Rock v. Arkansas, 483 U.S. 44, 51–53 (1987), the Court held that the defendant alone has the right to decide whether to testify, and that counsel cannot override a defendant's wishes. Preventing a defendant from testifying violates the Fifth, Sixth, and Fourteenth Amendments. Counsel may not prevent, block, or interfere with the defendant's right to speak to the jury.

The Eighth Circuit has also held that denying the defendant's right to testify constitutes ineffective assistance of counsel. In United States v. Bernloehr, 833 F.2d 749 (8th Cir. 1987), the court recognized that the decision to testify belongs exclusively to the defendant and that counsel cannot unilaterally waive it. In Winters v. United States, 716

F.3d 1098 (8th Cir. 2013), the Eighth Circuit reaffirmed that preventing a defendant from testifying creates grounds for relief under § 2255 when prejudice can be shown.

Here, the prejudice is overwhelming. My testimony would have revealed:

1. Police assault and use of force
2. Threats of death if I did not confess
3. Denial of counsel during questioning
4. Circumstances showing that the confession was involuntary
5. My true account of events, which contradicted the Government's version

The jury never heard this evidence, solely because counsel failed to prepare me and then refused to allow me to testify. This error directly impacted the outcome of the trial.

Additionally, the Supreme Court held in Jackson v. Denno, 378 U.S. 368 (1964), that a defendant is entitled to challenge the voluntariness of a confession, and in Mincey v. Arizona, 437 U.S. 385 (1978), the Court held that a confession obtained through coercion or physical violence cannot be admitted under the Due Process Clause. Because trial counsel prevented me from testifying both at the suppression hearing and at trial, the court never heard the facts showing that my confession was involuntary under Mincey.

Under Strickland v. Washington, 466 U.S. 668 (1984), counsel's performance was deficient because depriving a defendant of the right to testify is professionally unreasonable, and the failure to prepare me for testimony fell below an objective standard of reasonableness. Prejudice is clear because the coerced confession was the central piece of evidence used to convict me, and the jury never heard the truth about how that confession was obtained.

For these reasons, my Sixth Amendment rights were violated, and Ground Twelve establishes a constitutional error that undermines confidence in the outcome of the trial. My conviction should be vacated and I should be granted a new trial.

Hide trimmed content 

## V. CUMULATIVE ERROR

Even if any single deficient performance is deemed insufficient, the cumulative effect of all errors satisfies Strickland. The Eighth Circuit recognizes cumulative error when multiple attorney failures undermine the reliability of the verdict. The combined impact of counsel's failures before trial, during trial, at sentencing, and on appeal deprived me of a fair proceeding.

## VI. REQUEST FOR EVIDENTIARY HEARING

I respectfully request an evidentiary hearing under Engelen v. United States, 68 F.3d 238 (8th Cir. 1995), because:
*my claims involve facts outside the existing record,
*credibility issues must be resolved,
*the Court must evaluate whether counsel had strategic reasons,
*factual disputes cannot be resolved without testimony.

A hearing is required unless the motion, files, and records conclusively show I am not entitled to relief.

## VII. CONCLUSION

For the reasons stated in Grounds One through Twelve, I respectfully request that this Court:

1. Grant my §2255 motion;
2. Vacate my conviction and sentence;
3. Order a new trial, or dismiss the indictment,
    or in the alternative,
4. Order resentencing without the unconstitutional enhancements;
5. Hold an evidentiary hearing;
6. Grant any further relief the Court deems just and proper.

Respectfully submitted,

*/s/ Ledra Craig*
/s/ Ledra Craig
Ledra Craig, Petitioner
Federal Register Number: #50161-044
FCI Bennttsville
PO Box 52020
Bennttsville, SC 29512

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system, properly addressed and with postage prepaid, and mailed to:

Clerk of Court
United States District Court
Eastern District of Missouri
111 South 10th Street
St. Louis, MO 63102

And to:

United States Attorney's Office
Eastern District of Missouri
111 South 10th Street
St. Louis, MO 63102

Executed on this 18 day of November, 2025.

/s/ Ledra Craig
Petitioner, Pro Se